CHICAGO SHIPPING & STORAGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PARK FIRE PROOF STORAGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 15758, 15759. Promulgated February 14, 1929.

*Marvin Farrington, Esq.,* for the petitioner.
*Arthur Carnduff, Esq.,* for the respondent.

434

OPINION.

SIEFKIN: From all of the evidence in this proceeding it is our opinion that the additional $42,000 a year alleged to have been paid as credited to LeMoyne was by virtue of his control of the two corporations. We have no adequate evidence which clearly indicates that the excess amount was rental and not a distribution of profits in the guise of rental even if clearly paid or credited. In *Orange & Domestic Laundry Co.*, 6 B. T. A. 646, we denied a deduction of rental to a corporation owned by a single stockholder on a building owned by the stockholder and occupied by the corporation. There no evidence was introduced of payment or obligation to pay. Here we are not convinced that the amount was rental. We conclude that the determination of the respondent in that respect must be sustained.

The substance of the other error assigned by the Park Fire Proof Storage Co. in Docket No. 15759 is that it is entitled to have a net loss for the fiscal year ended March 31, 1919, applied to reduce net income for the fiscal year ended March 31, 1920. It is conceded that the petitioner had a net loss of $28,780.04 for the fiscal year ended March 31, 1919, and one for the fiscal year ended March 31, 1918, of $198.16. The applicable provision of the statute is section 204 (b) of the Revenue Act of 1918, which provides:

If for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount of such net loss shall under regulations prescribed by the Commissioner with the approval of the Secretary be deducted from the net income of the taxpayer for the preceding taxable year; and the taxes imposed by this title and by Title III for such preceding taxable year shall be redetermined accordingly. Any amount found to be due to the taxpayer upon the basis of such redetermination shall be credited or refunded to the taxpayer in accordance with the provisions of section 252. If such net loss is in excess of the net income for such preceding taxable year, the amount of such excess shall under regulations prescribed by the Commissioner with the approval of the Secretary be allowed as a deduction in computing the net income for the succeeding taxable year.

The petitioners' fiscal year, April 1, 1918, to March 31, 1919, in which the loss was suffered does not come within the terms of the statute, nor does it come within section 204 (b) of the Revenue Act of 1921 which deals with net losses in taxable years beginning after December 31, 1920. No deduction is allowable.

*Judgment will be entered for the respondent.*